[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3.
 {¶ 2} Following his guilty plea, the defendant-appellant, James Carney, was convicted of three counts of sexual battery, in violation of R.C. 2907.03(A)(5). The trial court sentenced Carney to three years' incarceration for each count and ordered the prison terms to run consecutively. The trial court also adjudicated Carney a sexual predator following a sexual-offender-classification hearing held pursuant to R.C. 2950.09(C). On appeal, Carney now argues that the trial court erred by imposing consecutive sentences and by adjudicating him a sexual predator.
 {¶ 3} In his first assignment of error, Carney argues that the trial court failed to make the required findings and to provide its reasons for imposing consecutive sentences. We agree. R.C. 2929.14(E)(4) allows a trial court to impose consecutive sentences if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he or she poses to the public. The trial court must also find at least one of the following: (1) when the offender committed the multiple offenses, he or she was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[1]
 {¶ 4} In this case, the trial court found that Carney's criminal history showed a need to protect the public and stated its reasons for that finding on the record. But the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of Carney's conduct and to the danger he posed to the public.[2] The trial court may have been misled by the sentencing worksheet that it used because the worksheet did not clearly set forth the findings required to impose consecutive sentences. Accordingly, we sustain Carney's first assignment of error.
 {¶ 5} In his second and third assignments of error, Carney challenges his sexual-predator adjudication on the grounds that it was not supported by sufficient evidence and that it was against the manifest weight of the evidence.
 {¶ 6} "[A]t the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses."[3] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."[4]
 {¶ 7} In this case, the trial court reviewed the state's evidence, including the presentence-investigation report and a psychological evaluation of Carney. The court noted on the record the statutory factors in R.C. 2950.09(B)(2) that were relevant to Carney's likelihood of recidivism, including the age disparity between Carney and the victim, Carney's relationship to the victim, his prior criminal record, the nature of Carney's sexual conduct, and the fact that, as a result of Carney's abuse, the victim became pregnant.
 {¶ 8} The court understandably found it very disturbing that Carney had had sexual relations with a fourteen-year-old girl who, he had believed, was his own daughter. As a result of his crimes, Carney had impregnated the girl. It was not until later DNA testing on Carney, the victim, and her baby that Carney discovered that the victim was not his biological daughter. But the testing confirmed that Carney was the father of victim's child. The court found that the nature of Carney's sexual conduct was part of a demonstrated pattern of abuse of the victim. The court stated, "And the very fact that, as I'm making these notations, I'm hearing, outside of this courtroom, an infant crying; an infant that came from the defendant and the 14-year-old is evidence to me in regards to this particular pattern that it should be marked and emphasized."
 {¶ 9} The court considered Carney's lengthy criminal history, which included a robbery conviction for which he had served approximately eight years in prison. At the hearing, the court told Carney, "You were incarcerated through much of your adult life, you have a very limited work experience. But the thought would be that you would know what prison is like, that would control your actions, that you would never want to go back to that institution." The court noted that Carney had been paroled, but had not successfully completed parole due to cocaine abuse. Carney then served two years in prison on a parole violation. Following his discharge from prison, Carney was charged with another robbery.
 {¶ 10} The court noted that the assessment performed by the court clinic placed Carney in the "medium-low" risk level for sexual re-offending. The clinical report noted, "In the research upon which this instrument was developed, people who had a score similar to the defendant's had a sexual recidivism rate of 12% within five years, 14% within ten years, and 19% within fifteen years. * * * It should be noted that this instrument may under-estimate sexual recidivism, for a number of reasons. Sexual offenses are difficult to detect. An offender may have prior offenses that were never discovered and therefore are not factored into this instrument's prediction. Additionally sexual offenses occur in a relatively low percentage of the population anyway, making prediction even harder than behaviors which occur at a high frequency. There are other more dynamic or psychological factors that might be considered in the sexual recidivism prediction although these factors cannot be weighed. Significant among these factors are the defendant's use of substances, his repeated contacts with the court, and his antisocial personality style."
 {¶ 11} After reviewing the record, we hold that the trial court had sufficient evidentiary material before it to create a firm belief that Carney was "likely to engage in the future in one or more sexually oriented offenses."[5] Therefore, we conclude that there was clear and convincing evidence to support the trial court's determination that Carney is a sexual predator. We overrule the second and third assignments of error.
 {¶ 12} Accordingly, we affirm the judgment of the trial court finding Carney guilty of sexual battery and declaring him to be a sexual predator. We vacate the sentences to the extent that they were made consecutive and remand this matter to the trial court with instructions that the trial court state on the record the required findings and reasons for the imposition of consecutive sentences.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Painter and Winkler, JJ.
[1] See R.C. 2929.14(E)(4).
[2] See State v. Brown, 1st Dist. Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983.
[3] State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881.
[4] State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[5] R.C. 2950.01(E); Eppinger, supra, at 163, 2001-Ohio-247,743 N.E.2d 881.